IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK PURSLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15-cv-4313 |
| | ) | |
| WARDEN TARRY WILLIAMS, | ) | Hon. Virginia M. Kendall |
| ILLINOIS DEPARTMENT OF | ) | Magistrate Judge M. David Weisman |
| CORRECTIONS, SALVADORE | ) | |
| GODINEZ, DOCTOR SALEH | ) | |
| OBAISI, KEVIN HOLLARAN and | ) | |
| RANDY PFISTER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This matter involves claims of constitutional violations based on Defendants' alleged failure to provide appropriate medical care, and the conditions of confinement under which Plaintiff was being held. Plaintiff was an inmate at Stateville Correctional Center, which is part of the Illinois Department of Corrections ("IDOC"). According to the controlling complaint, Plaintiff has been released from custody because he was wrongfully convicted. (Dkt. 102 at ¶ 14.) Defendants Obaisi and Hollaran (hereinafter "Defendants") have filed a motion for a protective order, essentially seeking to stay discovery while their motion to dismiss is resolved by the district court [110].[1] Plaintiff opposed the motion, seeking to proceed with discovery in general, and the discovery requests at issue in the instant motion. For the reasons explained herein, as well as those reasons stated on the record, the Court grants in part and denies in part Defendants' motion for a protective order but provides other relief as detailed below.

The controlling complaint contains three counts and alleges the following constitutional violations: (1) cruel and unusual punishment and (2) denial of medical care. (Dkt. 102 at pp. 11–21.)

---

[1] Defendants Williams and Pfister ("State Defendants") asked to join in Defendants' motion for a protective order after the Court made a preliminary oral ruling on the motion. Plaintiff objected to this relief. The State Defendants have filed a motion seeking the same relief and Plaintiff will have an opportunity to respond to such motion on November 1, 2017. (Dkt. 115, 118.) For the current time, this ruling only applies to Defendants.

To prosecute these claims, Plaintiff has tendered 20 interrogatories and 49 requests to produce. In addition to the sheer number of discovery requests, the four pages of included instructions and definitions (discussed further below) create an extremely large breadth of meaning and scope of required response.

Federal Rule of Civil Procedure 1 requires that the parties, counsel, and the Court construe the federal rules in a way that secures "the just, *speedy*, and *inexpensive* determination of every action and proceeding." Fed. R. Civ. P. 1 (emphasis added). This rule is entitled to the same consideration and control as every other federal rule of procedure. Additionally, Rule 26 defines the appropriate scope of discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is *relevant to any party's claim or defense and proportional to the needs of the case*, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1) (emphasis added). This opinion is animated primarily by the principles contained in these two rules – principles that Plaintiff's discovery requests fail to reflect.

Here are some examples of the completely untethered approach to discovery embodied in Plaintiff's requests:

In Interrogatory #3, Plaintiff requests a statement under oath as to all complaints "ever" made about medical care or prison conditions. This request is not limited to a lawsuit or even a formal grievance because "complaint" as defined by Plaintiff includes "any complaint *or criticism relating in any manner* to the job performance of any Defendant." (*See* Dkt. 110-1 at Definition #10 (emphasis added).) Plaintiff further demands an explanation as to how each of these "criticisms" was resolved. The Court notes that this incredibly broad request is echoed in other discovery requests. For example, Interrogatory #4 includes a similar request about any "complaint" (read to include "criticism") "ever . . . made against" a defendant as to constitutional violations.

In Interrogatory #15, Plaintiff requests a narrative answer describing "any and all changes made in the last fifteen years . . . relating to . . . providing medical care to inmates." While that request is exceedingly broad, its actual scope is exponentially broader as "relating to" is defined to include "being connected with, reflecting upon, or *having any logical or factual connection with a stated subject matter*." (*Id.* at Definition #12 (emphasis added).) Such a broadly framed request would be difficult to defend in any case; it is indefensible in light of Plaintiff's current allegations as to lack of medical care which are limited to a respiratory infection and rib injury. (Dkt. 102 at ¶¶ 39–48.)

Request to Produce Document #12 seeks *inter alia* "communications of any kind" between a defendant "and any person who may have discoverable information or knowledge of the allegations in the Plaintiff's complaint." (Dkt. 110-2 at RFP #12.) As framed, this expansive

request would include *all* communications between Dr. Obaisi and a member of his clinical staff who may have had contact with Plaintiff. The clinical staff member "may" have information related to the incident, and the request is not limited to communications about Plaintiff. Instead, the request seeks "communications of any kind." Thus, this request would likely include a multitude of communications related to other inmates, including some of their most private information regarding their physical and medical condition. Further aggravating the problem is that the breadth of this request is broadened even more by the policy allegations as to insufficient medical care alleged in the Revised First Amended Complaint. (*See* Dkt. 102.) Thus, this discovery request would seemingly obligate Dr. Obaisi to produce any communication of any kind between himself and a member of his medical staff.

Request to Produce #31 seeks all documents related to "treatment of prisoners at Stateville by an outside healthcare provider." (Dkt. 110-2 at RFP #31.) Plaintiff does not even allege that he was denied access to an outside healthcare provider. (*See* Dkt. 102 at ¶¶ 39–48.)

Request to Produce #43 seeks documents identifying the policymakers responsible for any "policy, procedure or practice" identified in Request to Produce #30. (Dkt. 110-2 at RFP #30, 43.) Yet, Request to Produce #30 does not seek policy information. Similarly, Request to Produce #44 seeks documents related to "policymakers" involved in Request to Produce #38, yet that request to produce also has nothing to do with policy making issues. (*Id.* at RFP #38, 44.)

This exercise could continue. There are many more examples of disproportionate overbreadth, as well as poor draftsmanship as noted on the record. Suffice to say, the Court believes it has made its point. It is indisputable that Plaintiff's discovery requests fail to comply with the general standards required by the federal rules of civil procedure.

As illustrated by the examples above, these deficiencies are basic and fundamental, and demonstrate at best a lack of care by Plaintiff in crafting discovery, and at worst a concerted attempt to abuse the discovery process. The Court presumes the former controls these deficiencies.

In either event, the Court will apply its inherent authority to control the discovery process [58], to ensure that the parties meet the district court's current discovery schedule. *See Ramirez v. T&H Lemont Inc.*, 845 F.3d 772, 776 (7th Cir. 2016) (noting that "a court has the inherent authority to manage judicial proceedings and to regulate the conduct of those appearing before it, and pursuant to that authority may impose appropriate sanctions to penalize and discourage misconduct") (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46–50 (1991)). Therefore, Plaintiff is limited to issuing 10 interrogatories and requests to produce to each Defendant and must issue this discovery to the Defendants by COB on 10/23/17.

In closing, the Court makes the following observations. Rule 26, when amended, included the concept of proportionality as a measure for the appropriate scope of discovery. Fed. R. Civ. P. 26(b)(1). From this Court's perspective, proportionality is an evolving measuring point, informed by the developments that occur during the litigation process. Thus, these limitations are open to reconsideration if Plaintiff can demonstrate that there is a proportionate need for further discovery.

Rule 26 instructs the Court to consider, *inter alia*, the importance of the issues raised in the litigation when assessing the proportionality of the discovery needs. None of the Court's comments herein should be read to mean that this Court does not consider the condition of Plaintiff's confinement to be an important issue. To the contrary, the Court acknowledges the importance of the issue both to Plaintiff and more generally to society at large. Counsel cannot rely on the importance of the issue alone, however, to justify poorly contemplated and crafted discovery requests. Many issues brought before federal courts are of significant importance; their importance cannot serve as a defense for counsel's careless discovery practices.

Finally, the Court expects all counsel involved to engage in robust Rule 37 conferences in an attempt to resolve all future discovery disputes. A simple exchange of emails will not suffice. Counsel should thoughtfully consider and respond to the discovery concerns raised to avoid unnecessary expenses and time in the litigation process.

## **Conclusion**

For the reasons set forth above, the Court grants in part and denies in part Defendants' motion for a protective order [110]. The Court looks forward to working with all counsel to efficiently and expeditiously resolve this case.

**SO ORDERED.**          **ENTERED:**

**Date: 10/24/17**

*M. David Weisman*

**M. David Weisman**
**United States Magistrate Judge**