## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK PURSLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 4313 |
| | ) | |
| TARRY WILLIAMS, et al. | ) | |
| | ) | |
| Defendants. | ) | Hon. Virginia M. Kendall |

## PLAINTIFF'S MOTION TO COMPEL IDOC
## TO COMPLY WITH PLAINTIFF'S SUBPOENAS

Plaintiff, Patrick Pursley, through his attorneys, Loevy & Loevy, hereby respectfully moves for an order compelling the IDOC to comply with Plaintiff's subpoenas for documents, an inspection of Stateville Correctional Center, and to designate an individual to sit for a deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. In support of his motion, Plaintiff states as follows:

### INTRODUCTION

In order to obtain evidence necessary to prove his claims at trial, Plaintiff has served three subpoenas on the Illinois Department of Corrections (IDOC) for an inspection of particular areas at Stateville Correctional Center, documents relevant to his claims, and a Rule 30(b)(6) deposition of IDOC's designated representative(s). The IDOC failed to respond in a timely manner to any of Plaintiff's subpoenas and to date, has not complied with any of them. Because the IDOC possesses information and documents centrally relevant to Plaintiff's claims, this Court

should order the IDOC to comply with Plaintiff's subpoenas and make available the facility, documents, and representative(s) that Plaintiff has requested.

## BACKGROUND

Mr. Pursley was wrongfully imprisoned at Stateville Correctional Center for more than 20 years for a crime that he did not commit. During his confinement, Mr. Pursley was forced to live in inhumane conditions of confinement. Due to numerous broken windows throughout Mr. Pursley's housing unit, temperatures dropped to dangerously low levels and, at the same time, Mr. Pursley was denied adequate clothing to keep himself warm. The facility was plagued with mold, mildew, and rampant pest infestations. These conditions were not just cruel, they also imperiled Mr. Pursley's health.

Central to Mr. Pursley's claims in the instant matter is the allegation that the Defendants, all employees of the IDOC at the time of alleged events, knew of the treacherous conditions that Mr. Pursley was forced to suffer and yet did nothing to reverse, stop, or even mitigate the harm. In order to prove his claims, Mr. Pursley must first credibly demonstrate the physical conditions of the portions of Stateville in which he was housed (C House). Second, Mr. Pursley must show what the Defendants knew about those conditions and the risk to harm and safety that they posed to prisoners like Mr. Pursley, and what they did in response to that knowledge.

Accordingly, Plaintiff properly served three subpoenas on the IDOC, which, although centrally involved and interested in the outcome of this litigation, is not a

party. The first subpoena, served via certified mail on December 15, 2017, sought an

inspection of the relevant areas of Stateville Correctional Center where the disputed

conditions are located. Ex. A (Pl.'s Subpoena for Inspection). The second subpoena,

served via certified mail on December 18, 2017, sought documents that related to

Plaintiff's claims, including documents relating to the conditions at Stateville

between 2012 and 2017, and what, if any, actions Defendants took to improve them.

Ex. B (Pl.'s Subpoena *Duces Tecum*).[1] The third subpoena, served by courier on

December 28, 2017, sought a deposition of one or more individuals designated by

the IDOC to give binding testimony on its behalf on a number of topics regarding

the conditions at Stateville. Ex. C (Pl.'s Deposition Subpoena).

Plaintiff received no response to any of his subpoenas, despite several

attempts by Plaintiff to contact counsel for the IDOC to discuss the subpoenas, until

January 18, 2018, when Michael Powell, an attorney from the Attorney's General's

Office,[2] contacted Plaintiff's counsel to inform her that he had been retained to

represent the IDOC regarding Plaintiff's inspection subpoena but no others.

Counsel reported during a telephone conference that same day that the IDOC

objected to Plaintiff's subpoena on security grounds, and because it would be

---

[1] Plaintiff's subpoena *duces tecum* substantially tracked the narrow requests that Plaintiff served on the IDOC Defendants based on the fact that certain relevant and responsive IDOC documents are maintained by IDOC (through its staff at various facilities), even if those documents are not necessarily in the individual Defendants' possession.

[2] It is Plaintiff's understanding that Mr. Powell does *not* represent the IDOC Defendants in this case, and that counsel for the IDOC Defendants do *not* represent the IDOC for purposes of these subpoenas, despite the fact that they are employed by the same office.

disruptive to prisoners at Stateville because it would require the facility to be locked down. Plaintiff offered to conduct the inspection during a time when the facility was already scheduled to be locked down, but the IDOC declined Plaintiff's offer. The IDOC did not explain its security-related objection nor put any of its objections in writing.

On January 22, 2018, Mr. Powell informed Plaintiff that he had just been retained to represent the IDOC regarding Plaintiff's subpoena for documents, and reported that he would begin working with the IDOC to produce responsive documents.

On February 14, 2018, Mr. Powell discussed Plaintiff's document subpoena and inspection subpoena via telephone with counsel for Plaintiff. Ex. D (Feb. 14, 2018 Rule 37 Email from Pl.). Counsel reached agreement on several categories of documents requested in Plaintiff's document subpoena and are continuing to discuss other categories of documents. *Id.* They were unable to reach agreement, however, regarding the following categories of documents: (a) documents sufficient to identify lawsuits over the conditions at Stateville which resulted in a judgment against one or more IDOC employees, (b) the IDOC Defendants' personnel files, and (c) grievances filed by prisoners in C-House at Stateville complaining about the conditions there (and related documents).

Mr. Powell also confirmed that he does not represent the IDOC for purposes of Plaintiff's deposition subpoena, and reiterated the IDOC's objection to Plaintiff's inspection subpoena on security and disruption grounds. *Id.*

## DISCUSSION

I.     **The IDOC Failed to Provide a Timely Response to Any One of Plaintiff's Three Subpoenas and Has Therefore Forfeited Any Objection to Them.**

Pursuant to Federal Rule of Civil Procedure 45, Plaintiff served three subpoenas on the IDOC in December 2017. Fed. R. Civ. P. 45. The IDOC has thus far failed to comply with any of the subpoenas: the IDOC has not yet produced any requested documents to Plaintiff; the IDOC has not consented to or scheduled an inspection by Plaintiff's counsel of Stateville; and the IDOC has not designated or produced a witness for deposition pursuant to Rule 30(b)(6). Fed. R. Civ. P. 30(b)(6).

Not only has the IDOC failed to comply with Plaintiff's subpoenas, it has also failed to serve the Plaintiff with written objections to any of the subpoenas at any time. Per Rule 45(d)(2)(b), the IDOC had 14 days from the time of service to serve a written objection. By failing to serve Plaintiff with any written objections within 14 days of service, the IDOC has waived any objection to Plaintiff's subpoenas. *Brogen v. Pohlad*, 1994 WL 654917, at *1 (Nov. 14, 1993)*; see Young v. City of Chicago*, 2017 WL 25170, at *6 (N.D. Ill. Jan. 3, 2018). This Court should order the IDOC to comply with the subpoenas forthwith.

II.     **Plaintiff's Request for an Inspection of Stateville Is Appropriate in a Case Regarding the Conditions of Stateville.**

Because the IDOC failed to respond to Plaintiff's properly served subpoena for more than a month after it received the subpoena (well outside the 14-day window) and has *never* provided any objections in writing, any objection to

compliance with the subpoena is forfeited. *Young*, 2017 WL 25170, at *6. Yet even on their merits, the IDOC's objections are meritless.

The IDOC contends without explanation that an inspection of certain areas by Plaintiff's counsel is a "security risk." The IDOC has not explained what the security risk is or who is put at risk by Plaintiff's counsel's presence. Presumably, the IDOC does not intend to imply that Plaintiff's counsel, who as class counsel in *Dobbey v. Weilding*, No. 14 C 1068 (N.D. Ill.), represents all of the prisoners currently housed at Stateville, poses a security risk to prisoners or staff at the facility.

And any security-related concerns apparently do not prohibit the IDOC from permitting tours of Stateville by law students at Chicago-area law schools (including one attended by Plaintiff's counsel without incident) and, on information and belief, by at least some attorneys who work at the Office of the Illinois Attorney General. In other cases, the IDOC has permitted Plaintiff's counsel to inspect Stateville and Pontiac Correctional Center, another maximum-security facility, without objection. *Dobbey v. Weilding*, No. 13 C 1068 (N.D. Ill.); *Ellis v. Pfister*, No. 17 C 1254 (C.D. Ill.). In fact, Plaintiff's counsel routinely visits Stateville to meet with clients and witnesses, and to attend depositions. Volunteers with the John Howard Association also survey various areas of the prison, most recently on December 6, 2017. JOHN HOWARD ASS'N OF ILL., "Stateville Correctional Center: Inmate Survey Results from JHA's Monitoring Visit Conducted December 6th 2017," *available at* http://www.thejha.org/sites/default/files/JHA%20Stateville

%20CC%20Inmate%20Survey%20Charts%2012.6.17.pdf (last visited Feb. 21, 2018). Finally, as part of its settlement in *Rasho v. Baldwin*, No. 07 C 1298 (C.D. Ill), the IDOC agreed to allow counsel from the Uptown People's Law Center to enter any IDOC facility, including Stateville, with only minimal notice.

In sum, although there may be some security risk anytime a non-IDOC employee is at Stateville, the IDOC itself has acknowledged that this risk does not justify excluding the numerous groups of people it allows to tour the facility. Moreover, any such risks can be managed and have been successfully managed by the IDOC in other facility inspections. Indeed, physical inspections of facilities during discovery in cases involving claims arising out events occurring in correctional settings are commonplace. *See Carr v. O'Leary*, 1992 WL 370242, at *2 (N.D. Ill. Dec, 1992); *see also New York Assoc. for Retarded Children, Inc. v. Carey*, 706 F.2d 956, 960 (2nd Cir. 1983) (finding no error in trial court allowing plaintiff's representatives to inspect state residential facility for mentally retarded adults and children); *McKesson Corp. v. Islamic Republic of Iran*, 185 F.R.D. 70, 76 (D.D.C. 1999) (ordering inspection of facilities in Iran).

Here, the specific physical locations that Plaintiff seeks to inspect are centrally relevant to the Plaintiff's claims. *See Welzel v. Bernstein*, 233 F.R.D. 185, 186 (D.D.C. 2005). Plaintiff contends that at the time of his confinement, the interior portions of Stateville accessible to and lived in by Plaintiff were dilapidated to an unsafe and inhumane degree. Plaintiff's ability to prove this claim depends on his ability, through his counsel, to inspect those areas and document them for

7

presentation to the jury at trial. Accordingly, this Court should overrule the IDOC's objections to Plaintiff's inspection subpoena and order it to comply with the subpoena.[3]

### III.    The IDOC's Forfeited Objections to Plaintiff's Document Subpoena Are Meritless.

The IDOC has objected to producing lawsuit-related documents, personnel files for the IDOC Defendants, and grievances submitted by prisoners complaining about the conditions at Stateville. As with Plaintiff's inspection subpoena, the IDOC failed to comply with Rule 45's 14-day requirement or requirement that any objections to subpoenas be served in writing, and this Court should therefore find any such objections forfeited. *Brogen*, 1994 WL 654917, at *1. Even if this Court were to excuse the IDOC's forfeiture, which it should not, the objections to these categories of documents are not persuasive.

### A.    The IDOC Has Articulated No Persuasive Objection to Plaintiff's Request for Documents Sufficient to Identify Lawsuits Resulting in a Judgment About Infirm Conditions.

Paragraph 2 of Plaintiff's subpoena for documents requested documents sufficient to identify all lawsuits alleging inadequate conditions of confinement at Stateville that resulted in a judgment against one or more IDOC employees in the last ten years. Ex. B at 4. Specifically, Plaintiff does *not* seek information about lawsuits that merely allege infirm conditions, but lawsuits where a judge or jury in fact determined that inadequate conditions existed and one or more IDOC

---

[3] As noted above, Plaintiff has offered to conduct the inspection on a day when Stateville is already scheduled to be on lockdown or any other time during discovery that is least disruptive to prisoners and staff at the prison.

employees were deliberately indifferent to them. There can be no question that these documents are highly relevant to Plaintiff's case and according to various IDOC employees, such successful lawsuits are exceedingly rare.

The IDOC has objected to the production of these documents on the grounds that the information sought is publicly available and could be accessed from PACER or other resources available to Plaintiff's counsel. Notably, it has not denied that it has easy access to this information, which it could easily produce. This is itself a reason to order production, as Rule 45's main concern is over the burden that a non-party[4] bears in responding to a subpoena. Fed. R. Civ. P. 45(d)(1); *United States v. Amerigroup Ill., Inc.*, 2005 WL 3111972, at \*5 (N.D. Ill. Oct. 21, 2005).

Moreover, the IDOC's contention that their judgment-related documents are publicly available is plainly wrong. The IDOC quite obviously has knowledge about the cases which have required it to pay money on behalf of its employees (and documents sufficient to identify them), and the IDOC does not dispute that fact. Plaintiff has no such knowledge or access to obtain that knowledge.

The IDOC contends that Plaintiff could find this information on PACER or other unexplained resources. In order to do that, Plaintiff would have to obtain the name of every IDOC employee who has worked at Stateville in the last ten years— information which the IDOC has but Plaintiff does not—and identify every lawsuit ever filed against the thousands of those employees, review all complaints filed in

---

[4] Although the IDOC, which as an arm of the State of Illinois is protected by the Eleventh Amendment, is not a party to these proceedings, it is deeply invested in both the representation (which is provided for by the State of Illinois) and any of the IDOC Defendants' financial liability (which the IDOC will likely pay).

those lawsuits, and review the full docket sheets in those lawsuits to understand the outcomes of those cases. The IDOC cannot reasonably contend that it should not be required to produce a small number of documents—or even a single document containing a list of cases—because Plaintiff could instead spend thousands of hours reviewing hundreds of thousands of pages of federal-court documents in search of the cases Plaintiff wishes to identify.

Moreover, accessing PACER would not identify lawsuits filed in state court that resulted in a judgment against IDOC employees and the IDOC has offered no explanation as to how that information could be obtained. Accordingly, this Court should overrule the IDOC's forfeited objection and order the IDOC to produce this document or narrow class of documents.

### B. The IDOC Defendants' Personnel Files Are Relevant and Already Protected by this Court's Protective Order.

Paragraph 3 of Plaintiff's subpoena for documents requested the personnel files for Defendants Tarry Williams, Randy Pfister, Jermaigh Daly, James Louch, and Jon Luchsinger. Ex. B at 4. The IDOC has objected to the production of these documents on the basis of confidentiality, unexplained security concerns, and because it contends they are not relevant. None of these objections has merit.

### 1. The Files Are Relevant.

The IDOC has objected to the production of the aforementioned personnel files on the basis that they are not relevant. Several courts have held that personnel and employment files of individual defendants are relevant for purposes of discovery. *See Vodak v. City of Chicago*, 2004 WL 1381043, at *5 (N.D. Ill. May 10,

10

2004) ("Numerous courts have held that the personnel files . . . of defendant [state actors] are relevant in § 1983 actions"); *see also, e.g., Clark v. Ruck*, 2014 WL 1477925, at *2 (N.D. Ill. Apr. 15, 2014); *Smith v. Sharp*, 2013 WL 2298142, at *3 (N.D. Ill. May 24, 2013); *Bond v. Utreras*, 2006 WL 695447, at *4 (N.D. Ill. Mar. 10, 2006). For example, information in the files may show that Defendants were put on notice through their training, evaluations, or some other way, of the risks of harm that infirm conditions may pose to prisoners in their care, or what is required to ensure adequate conditions of confinement. *See, e.g., Kretek v. Bd. of Comm'rs of Luna Cnty.*, 2014 WL 11621695, at *2 (D.N.M. Feb. 24, 2014) (training evidence was relevant to show officers' awareness of risk of harm imposed by placing suspect in prone position). The information contained within the aforementioned personnel files is reasonably calculated to lead to the discovery of admissible evidence, and proportional to the needs of the case given the heavy burden imposed on the Plaintiff to prove his claims. Accordingly, the Court should compel their production. *See* Fed. R. Civ. P. 26(b)(1).

### 2. The Court Should Overrule the IDOC's Safety or Confidentiality Concerns.

The IDOC has also objected to producing Defendants' personnel files on the basis that the files are confidential and their production would create a security or safety risk. Plaintiff does not object to maintaining those documents as confidential and would not oppose this Court entering an order to that effect. *See* Dkt. 152 at 5 (permitting non-parties to seek confidentiality over documents not included in the protective order). Accordingly, the IDOC's confidentiality concerns are moot.

11

The IDOC does not explain how production of the personnel files would create a security risk, and given Plaintiff's agreement to maintain those records as confidential, Plaintiff can imagine no such legitimate objection. The Court should similarly overrule this unexplained and meritless objection.

### C. Prisoners' Grievances Complaining About Inadequate Conditions Go to the Heart of Plaintiff's Claims.

In order to demonstrate Defendants' liability under the Eighth Amendment, Mr. Pursley must show that Defendants were aware of dilapidated and deteriorating conditions of the C House, that they subjectively appreciated the risk of harm that these conditions posed to prisoners like Mr. Pursley, and that they nevertheless consciously disregarded that risk. *Steidl v. Gramley*, 151 F.3d 739, 741 (7th Cir. 1998) (prison official's knowledge of "systematic lapse in enforcement" sufficient to satisfy actual knowledge requirement of Eighth Amendment claim); *Walsh v. Mellas*, 837 F.2d 789, 797 (7th Cir. 1988) (plaintiff may prevail against defendants by showing a pattern of injuries, such that "a conscious refusal to prevent the harm can be inferred"); *see also Neely v. Randle*, No. 12 C 2231, 2013 WL 3321451, at *5 (N.D. Ill. June 29, 2013) (denying prison officials' motion to dismiss policy-based claims against them); *Flournoy v. Ghosh*, 881 F. Supp. 2d 980, 991 (N.D. Ill. 2012) (liability against high-level prison officials permissible for "systematic lapses in policies meant to protect prisoners").

Accordingly, Paragraph 5 of Plaintiff's subpoena for documents requested "[a]ll documents related to grievances filed by prisoners housed in C House at Stateville Correctional Center complaining of inadequate conditions of confinement"

12

from the last five years and including, but not limited to, "grievances and responses to grievances, documents collecting and analyzing data related to grievances about conditions at Stateville's C-House (or conditions at the prison writ-large), and any documents generated as part of an investigation into one or more prisoners' grievances on this topic or efforts to solve the conditions being complained of." The IDOC has objected to the production of these documents solely on the basis that grievances submitted by prisoners are confidential.

Plaintiff does not oppose an Order by this Court requiring these grievances to be maintained as confidential. This Court entered a similar Order in *Awalt v. Marketti*, No. 11 C 6142 (N.D. Ill.), Dkt. 126 (attached to this motion as Exhibit E), to protect private medical information of third parties when it ordered production of grievances filed by detainees at a county jail. *Awalt v. Marketti*, 2012 WL 6568242, at *5 (N.D. Ill. Dec. 17, 2012). The Court should take the same approach here and order the IDOC to produce these grievances subject to a confidentiality order, thereby addressing the IDOC's sole objection.

## IV.  The IDOC Has Simply Failed to Respond to Plaintiff's Rule 30(b)(6) Deposition Subpoena.

Plaintiff's Rule 30(b)(6) deposition subpoena properly seeks testimony from one or more IDOC representatives on a number of relevant topics at issue in this case. Indeed, Plaintiff and the IDOC Defendants included a Rule 30(b)(6) deposition in their February 1, 2018 status report, Dkt. 155 at 2, a schedule which this Court approved of as "efficient[.]" Dkt. 160.

The IDOC has voiced no objection to Plaintiff's subpoena. Instead, it has simply failed to respond or comply in any way whatsoever. Accordingly, this Court should, pursuant to Rules 30(b)(6) and 45, order the IDOC to comply with Plaintiff's proper subpoena and designate one or more representatives to provide testimony on its behalf in this case.

## CONCLUSION

For the reasons described more fully above, this Court should grant Plaintiff's motion to compel and order the IDOC to comply with Plaintiff's reasonable subpoenas for inspection, documents, and a Rule 30(b)(6) deposition.

Respectfully submitted,

/s/ Sarah Grady
Sarah Grady
Attorney for Plaintiff

Jon Loevy
Sarah Grady
Aisha Davis
Adair Crosley
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607
(312) 243-5900
sarah@loevy.com

14

## CERTIFICATE OF SERVICE

I, Sarah Grady, an attorney, certify that on February 21, 2018, I caused the foregoing Plaintiff's Motion to Compel IDOC to Comply with Plaintiff's Subpoenas to be filed using the Court's CM/ECF system, which effected service on all counsel of record. I further certify that within one business day of this filing, I will serve a copy of the same via email on counsel for the IDOC.


/s/ Sarah Grady
Sarah Grady
Attorney for Plaintiff