# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK PURSLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 4313 |
| | ) | |
| TARRY WILLIAMS, et al., | ) | |
| | ) | |
| Defendants. | ) | Hon. Virginia M. Kendall |

## PLAINTIFF'S MOTION TO APPOINT AND SUBSTITUTE
## A SPECIAL REPRESENTATIVE FOR DEFENDANT SALEH OBAISI

Plaintiff, Patrick Pursley, by his attorneys Loevy & Loevy, hereby

respectfully requests that this Court appoint a special representative to defend this

action as a representative of deceased Defendant Saleh Obaisi, pursuant to Rule 25

of the Federal Rules of Civil Procedure. In support of his motion, Plaintiff states as

follows:

1.    Plaintiff's Amended Complaint and Second Amended Complaint name

Saleh Obaisi, the medical director at Stateville, as a defendant in this case. Dkt.

101 ¶ 11; Dkt. 156 ¶ 15. Counsel for Defendant Obaisi has informed Plaintiff that

Dr. Obaisi died on or about December 25, 2017. No suggestion of death has been

filed.

2.    Counsel for Plaintiff has been unable to locate any estate for Dr.

Obaisi. On February 21, 2018, Plaintiff contacted the Office of the Clerk of the

Probate Court for the following counties: Cook County, DeWitt County, DuPage

County, Logan County, and Will County. On information and belief, Dr. Obaisi

resided in DuPage County, worked in Will County, and may have recently owned property or business interests in Cook County, DeWitt County, and Logan County. Each clerk's office reported that no estate had been opened for Dr. Obaisi and no will belonging to him had been filed with the probate court.

3.     Counsel for Plaintiff has attempted to confer with counsel for Dr. Obaisi to verify that no estate has been opened, but despite multiple attempts to reach counsel via telephone and e-mail, counsel has received no response.

4.     Federal district courts in Illinois have the power to appoint special administrators consistent with Illinois law. *Stewart v. Special Administrator of the Estate of Mesrobian*, 559 Fed. App'x 543, 548 (7th Cir. 2014) ("The district court may appoint a 'special administrator' consistent with Illinois law . . . ."); *Anderson v. Romero*, 42 F.3d 1121, 1124-25 (7th Cir. 1994) (appointing attorneys as special administrators after death of a plaintiff); *see also Ward v. Edgeton*, 59 F.3d 652, 653 (7th Cir. 1995) ("42 U.S.C. § 1988 authorizes us to borrow provisions of state law where necessary to provide a complete remedy in a suit under 42 U.S.C. § 1983.").

5.     Illinois law provides for the appointment of a special representative for purposes of defending an action that survives a defendant's death. 735 ILCS 5/13-209 (providing that "[i]f a person against whom an action may be brought dies before the expiration of [the applicable limitations period]" and no estate has been opened, "the court, upon the motion of a person entitled to bring an action and after the notice to the party's heirs or legatees as the court directs and without opening an estate, may appoint a special representative for the deceased party for the

2

purposes of defending the action."); *see also* 735 ILCS 5/2-1008(b)(2) (providing that "[i]f a party to an action dies" and no estate has been opened, "the court may appoint a special representative for the deceased for the purpose of prosecuting the action."); *Relf v. Shatayeva*, 998 N.E.2d 18 (Ill. 2013) (discussing the procedure for appointing a special representative).

6. The constitutional claims alleged by Plaintiff survive the death of Dr. Obaisi. *E.g., Hicks v. Young*, 2012 WL 1755735, at *1-2 (N.D. Ill. May 15, 2012) (prisoner's § 1983 deliberate indifference claim and state law tort claims survive defendant's death). Courts in this Circuit have appointed special representatives in these circumstances. *See Vaughn v. Griffin*, No. 15 C 2047, Sept. 19, 2017 Text Order (C.D. Ill. Sept. 19, 2017) (appointing Warden of Danville Correctional Center as special representative for deceased defendant in prisoners' rights case); *Ross v. Gossett*, No. 15 C 0309, Dkt. 348 (S.D. Ill. June 14, 2017) (appointing sibling as special representative for deceased defendant in prisoners' rights case); *Savory v. Cannon*, No. 17 C 204, Dkt. 41 (N.D. Ill. Mar. 9, 2017) (appointing city clerk as special representative for deceased defendants in wrongful conviction case); *Starks v. Waukegan*, No. 09 C 348, Dkt. 208 (N.D. Ill. Jan. 15, 2014); *Rivera v. Lake County*, 974 F. Supp. 2d 1179, 1199 (N.D. Ill. 2013); *Hicks*, 2012 WL 1755735, at *1-2.

7. This Court should appoint a special representative so that this action can be maintained against Dr. Obaisi. That special representative need not be an heir of the decedent. In fact, given that Dr. Obaisi was sued in this case in

3

connection with his work for Wexford Health Sources, Inc., who maintains insurance that would indemnify both Dr. Obaisi and Wexford in the event of a settlement or adverse judgment in this case, it makes sense to appoint a representative from Wexford or its liability insurer to serve as special representative for Dr. Obaisi. *See Vaughn*, No. 15 C 2047, Sept. 19, 2017 Text Order; *Savory,* No. 17 C 204, Dkt. 41; *Rivera*, 974 F. Supp. 2d at 1199. Plaintiff has no preference as to which particular representative from Wexford or its insurer is appointed, provided that he or she participates in the case as required by the Federal Rules of Civil Procedure. Plaintiff has asked counsel for Dr. Obaisi whether there is a particular individual that they would like to suggest for appointment, but has received no response.

8.    Federal Rule of Civil Procedure 25 provides that "[i]f a parties dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25. Once appointed, the special administrator will be a proper party, and Plaintiff respectfully requests that the Court substitute the appointed special administrator for Defendant Obaisi.

9.    Should the Court grant Plaintiff's motion, Plaintiff will promptly comply with all requirements under Illinois law governing the substitution of a special representative in civil litigation. Specifically, following the appointment of a special representative and substitution of that special representative in the case, Plaintiff will file "an amended complaint, substituting the personal representative

4

as defendant" and will act "with reasonable diligence to serve process upon the personal representative." 735 ILCS 5/13-209(c)(1)-(2).

10.     Finally, because the Seventh Circuit holds that interested nonparties must be served with copies of a motion to substitute, *Atkins v. City of Chicago*, 547 F.3d 869, 873-74 (7th Cir. 2008), Plaintiff will serve a copy of this motion and his Second Amended Complaint on the surviving next of kin of Dr. Obaisi as outlined in the certificate of service to this motion.

Wherefore, Plaintiff respectfully requests that this Court, pursuant to Rule 25 of the Federal Rules of Civil Procedure, appoint a special representative to defend this action as a representative of deceased Defendant Saleh Obaisi.

Respectfully submitted,

/s/ Sarah Grady
Sarah Grady
Attorney for Plaintiff

Jon Loevy
Sarah Grady
Aisha Davis
Adair Crosley
LOEVY & LOEVY
311 North Aberdeen St., 3rd Floor
Chicago, Illinois 60607
(312) 243-5900

5

## **CERTIFICATE OF SERVICE**

I, Sarah Grady, an attorney, certify that on February 26, 2018, I caused the foregoing Plaintiff's Motion to Appoint and Substitute a Special Representative for Defendant Saleh Obaisi to be filed using the Court's CM/ECF system, which effected service on all counsel of record. I further certify that within 24 hours, I will cause the foregoing motion and a copy of Plaintiff's Second Amended Complaint to be served on the following individuals, by Certified Mail, who on information and belief are the next of kin for deceased Defendant Saleh Obaisi:

Ghaliah Obaisi
Reem Obaisi
Noor Obaisi


/s/ Sarah Grady
Sarah Grady
Attorney for Plaintiff