6823 MRS/PJS/TSL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| PATRICK PURSLEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TARRY WILLIAMS, et al., )<br>)<br>Defendants. ) | Case No. 15-04313<br><br>Honorable Virginia M. Kendall<br>Honorable M. David Weisman |

### DEFENDANTS' JOINT MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL RULE 26(a)(1) DISCLOSURES

Defendants Tarry Williams, Randy Pfister, James Louch, Jeremiagh Daly, and Jon Luchsinger ("IDOC Defendants"), through their attorney Lisa Madigan, Attorney General of Illinois, and Defendants Ghaliah Obaisi and Wexford Health Sources, through their attorneys, Cunningham, Meyer & Vedrine, P.C., request this Honorable Court strike Plaintiff's additional witness disclosures made on April 10, 2018, as untimely and prejudicial under Federal Rule of Civil Procedure 37(c)(1). In support of their motion, Defendants state as follows:

1. Plaintiff made his original Rule 26 Initial Disclosures on or about March 27, 2017. (*See* ECF No. 66, Plaintiff's Rule 26 Initial Disclosures). On May 30, 2017, Plaintiff filed new Rule 26(a)(1) disclosures. (*See* ECF No. 81, Plaintiff's Second Rule 26 Initial Disclosures).

2. On April 10, 2018, Plaintiff served Supplemental Rule 26(a)(1) Disclosures on Defendants. In the supplemental disclosures, Plaintiff named fifteen new fact witnesses and a new category of inmate witnesses to be determined at a later date. Defendants do no object to the inclusion of new inmate witnesses or the inclusion of third-party witnesses who have already been deposed or any of the Rule 30(b)(6) deponents. However, Defendants do object to eight of

the new fact witnesses, which include professors, medical treaters, and Plaintiff's fiancée, as they have not been previously disclosed to Defendants. (*See* attached Plaintiff's Supplemental Rule 26(a)(1) Disclosures ¶¶ F-K, M-N.)

    3. The fact discovery deadline has been extended several times in this case. (ECF Nos. 95, 135, 148, 160, 186).

    4. On February 12, 2018, upon ordering that all fact discovery be completed by March 30, 2018, the Court also observed that "[t]he case is over three years old and even though counsel entered more recently, Plaintiff's counsel is seasoned and has proposed an efficient schedule and the parties must prioritize this old case." (ECF No. 160).

    5. Despite the above warning, on March 19, 2018, the Court again extended fact discovery to April 13, 2018, "as a FINAL extension." (ECF No. 186) (emphasis in original). A status hearing is set for April 16, 2018, to discuss whether dispositive motions will be filed and whether expert discovery is necessary. (ECF No. 148.)

    6. On April 11, 2018, counsel for the parties met and conferred about the supplemental disclosures, but were unable to come to a resolution on paragraphs F-K and M-N. Defense counsel asked Plaintiff's counsel to withdraw paragraphs F-K and M-N of the supplemental disclosures. Plaintiff's counsel refused to do so.

    7. At no time prior to April 10, 2018, did Plaintiff notify counsel for Defendants that he intended to supplement his initial disclosures with additional witnesses.

    8. With respect to the individuals named under paragraphs M and N of the supplemental disclosures, Plaintiff describes the individuals as medical professionals who have treated Plaintiff since his release from Stateville. These individuals were mentioned at Plaintiff's deposition on March 30, 2018. Perhaps if Plaintiff had not cancelled his deposition on two prior occasions,

there would have been enough time to depose his treating physicians as fact witnesses before the end of fact discovery. However, on March 30, 2018, there were three outstanding depositions scheduled before the April 13, 2018, fact discovery deadline. Even if the March 30, 2018, deposition provided sufficient notice to Defendants of Plaintiff's intention to rely on his treating medical professionals as fact witnesses, there was no time to schedule depositions before the end of discovery.

9. Additionally, Plaintiff's counsel have failed to explain why Plaintiff's treating physicians named in paragraphs M and N cannot be disclosed under Federal Rule of Civil Procedure 26(a)(2)(C). The Court will address expert discovery at the April 16, 2018, status hearing.

10. As Plaintiff did not disclose any of the individuals in paragraphs F-K, M-N in any disclosure statement prior to April 10, 2018, it is prejudicial to permit Plaintiff to now supplement his disclosures with new fact witnesses, which Defendants cannot investigate and depose prior to the end of fact discovery. *See David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003) ("'[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless.'" (quoting *Saldago v. General Motors Corp.*, 150 F.3d 735, 742)).

11. Plaintiff's last minute Rule 26(a)(1) disclosures are neither justified nor harmless. Defendants have been harmed by these untimely disclosures. Defendants have had no opportunity to investigate and depose the newly-identified individuals.

WHEREFORE, Defendants respectfully request this Honorable Court strike paragraphs F-K and M-N of Plaintiff's Supplemental Rule 26(a)(1) as untimely and prejudicial under Federal Rule of Civil Procedure 37(c)(1).

|  |  |
|---|---|
| **LISA MADIGAN**<br>Attorney General of Illinois | Respectfully submitted,<br><br>s/ *Erik H. Johnson*<br>Erik H. Johnson<br>Assistant Attorney General<br>Office of the Illinois Attorney General<br>100 West Randolph Street, 13th Floor<br>Chicago, Illinois 60601<br>(312) 814-3700<br>erjohnson@atg.state.il.us<br><br>***Attorney for IDOC Defendants***<br><br>s/ *Terry S. Lu*<br>Terry Shing-Ren Lu<br>Cunningham, Meyer & Vedrine<br>1 E. Wacker Drive<br>Suite 2200<br>Chicago, IL 60601<br>312-578-0049<br>Email: tlu@cmvlaw.com<br><br>***Attorney for Wexford Defendants*** |

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that he electronically filed the foregoing **DEFENDANTS' JOINT MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL RULE 26(a)(1) DISCLOSURES** with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

*/s/ Terry S. Lu*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISON

| | |
|---|---|
| PATRICK PURSLEY, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:15-cv-04313 |
| v. ) | |
| ) | Honorable Virginia M. Kendall |
| TARRY WILLIAMS, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF'S SUPPLEMENTAL RULE 26(a)(1) DISCLOSURES**

Plaintiff, Patrick Pursley, by his attorneys, Loevy & Loevy, hereby propounds the following supplemental disclosures pursuant to Rules 26(a) and 26(e) of the Federal Rules of Civil Procedure, stating as follows:

**I. Rule 26(a)(1)(A)(i).** The following individuals may have discoverable information that Plaintiff may use to support his claims:

A. Defendants currently or formerly employed by the Illinois Department of Corrections, including Randy Pfister, Jermiagh Daly, James Louch, and Jon Luchsinger, who are all likely to have knowledge regarding the claims in Plaintiff's Complaint. They may be contacted through their counsel, Office of the Attorney General, 100 West Randolph St., 13th Floor, Chicago, Illinois 60601, (312) 814-3000.

B. Several inmates who were incarcerated at Stateville during the relevant time period who may have information regarding the conditions of confinement including:

- James Snow, N50672[1]

- Duel Thomas, B43621

- Cedric Cal, B54398 (currently housed at Hill Correctional)

- Ricky Patterson, B79037

- Ricky Robinson, K82958 (currently housed at Hill Correctional)

- Jason Jackson, B35411 (currently housed at Lawrence Correctional)

- Chezeray Moore, B54755 (currently housed at Hill Correctional)

- Samuel Karim, R10346

- Stanley Davis, A15211

- Robert Ornelas, K50305

- Michael Sullivan, B67920

C. Major Eselina Givens. Major Givens was an employee of the Illinois Department of Corrections assigned to Stateville Correctional Center at relevant times and may have information regarding the conditions during the time period at issue.

D. Sargent John Sievers. Sargent Sievers was an Illinois Department of Corrections employee assigned to Stateville at relevant times and may have information regarding the conditions.

E. Anna McBee. Ms. McBee was an employee of the Illinois Department of Corrections assigned to Stateville Correction Center as a Grievance Officer at

---

[1] James Snow may be contacted through his attorney, Loevy & Loevy, 311 N. Aberdeen, 3rd Flood, Chicago, Illinois 60608, (312) 243-5900.

relevant times and may have information regarding the grievance process and inmate grievances related to conditions at Stateville.

F.     Professor Dominica Kimberley Moe. Professor Moe is an adjunct faculty member DePaul University who volunteered at Stateville Correctional Center, had contact with Mr. Pursley at relevant times, and may have information regarding Mr. Pursley's health during that time. She may be reached at DePaul University, College of Liberal of Arts and Sciences, 2352 N. Clifton Avenue, Suite 130, Chicago, Illinois 60614, (773) 325-7265.

G.     Professor Jennifer Lackey. Professor Lackey is the Wayne and Elizabeth Jones Professor of Philosophy at Northwestern University whose work brought her to Stateville Correctional Center and in contact with Mr. Pursley at relevant times. She may have information regarding Mr. Pursley's health at the time. She may be reached at Department of Philosophy, Northwestern University, 1860 Campus Drive, Evanston, Illinois 60208, (847) 491-2557.

H.     Sarah Ross. Ms. Ross is an Adjunct Assistant Professor at the School of the Art Institute of Chicago and co-founder of the Prison + Neighborhood Arts Project. Her work brought her to Stateville Correctional Center and in contact with Mr. Pursley at relevant times. She may have information regarding Mr. Pursley's health at those times. She may be reached at the Prison + Neighborhood Arts Project, 2040 North Milwaukee Avenue, Chicago, Illinois 60647, sarahlynnross@gmail.com.

I. Kyle Palazzolo. Mr. Palazzolo is an attorney whose work brought him to Stateville Correctional Center and in contact with Mr. Pursley at relevant times; he may have information regarding Mr. Pursley's health at those times. He may be reached at Salvatore Prescott & Porter, PLLC, 1010 Davis Street, Evanston, Illinois 60201, (312) 283-5711.

J. Maggie Miller. Ms. Miller is an attorney who volunteered at Stateville Correctional Center and had contact with Mr. Pursley at relevant times; she may have information regarding Mr. Pursley's health at those times. She may be contacted at Richard J. Daley Center, 50 W. Washington Street, Suite 1901C, Chicago, Illinois 60602-1321, (312) 603-5912.

K. Michelle Carr. Ms. Carr is Mr. Pursley's fiancee who was in contact with Mr. Pursley at relevant times and may have information regarding Mr. Pursley's health. She may be reached at (217) 841-7116.

L. Stateville inmates during the relevant time period who filed relevant grievances who cannot be identified by Plaintiff because they have yet not been disclosed to Plaintiff.

M. Dr. Tracy Muhammad. Dr. Muhammad is a physician who has treated Plaintiff since his release from Stateville. She may be contacted at Mercyhealth Perryville, 3401 N. Perryville Road, Rockford, Illinois, (815) 971-2000.

N. Colette Carter. Ms. Carter is a medical professional who has treated Plaintiff since his release from Stateville. She may be contacted at Mercyhealth Perryville, 3401 N. Perryville Road, Rockford, Illinois, (815) 971-2000.

Plaintiff reserves the right to call any witnesses identified by Defendants pursuant to Rule 26(a)(1).

**II. Rule 26(a)(1)(iii).** As a result of Defendants' misconduct, including their complete disregard for and deliberate indifference to the safety and well-being of Mr. Pursley and prisoners like him, Mr. Pursley suffered needless physical and emotional pain, including a prolonged respiratory infection, sleep deprivation, excessive colds and other health conditions resulting from excessively low temperatures and the presence of mold and animal detritus, and severe pain from an untreated rib injury. He has also suffered extreme mental anguish and emotional distress as a result of Defendants' deliberate indifference and misconduct. Plaintiff has not yet performed a computation of these damages, which will ultimately be assessed by a jury in any event.

Respectfully submitted,

/s/ Adair R. Crosley
Adair R. Crosley
Attorney for Plaintiff

Jon Loevy
Sarah Grady
Aisha N. Davis
Adair R. Crosley
LOEVY & LOEVY
311 N. Aberdeen Street, 3rd Floor
Chicago, IL 60607
(312) 243-5900